IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-41375
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JONATHAN EVANS, also known as Lucky,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:99-CR-22-1
--------------------
June 23, 2000

Before JOLLY, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Jonathan Evans appeals his sentence, challenging a four-point increase in the total offense level for possession of a firearm "in connection with another felony". U.S.S.G. § 2K2.1(b)(5). The district court upheld the four-point increase based on a finding that Evans possessed firearms in connection with the "burglary or attempted burglary" of the Sportster, a federally licensed firearms dealer.

Evans contends that there was not "another felony offense" committed at the Sportster because the Sportster was not

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

burglarized.  He did not object at the sentencing hearing to the district court's finding that there had been a "burglary or attempted burglary" of the Sportster.   Review is therefore limited to plain error.  United States v. Vontsteen, 950 F.3d 1086, 1091 (5th Cir. 1992) (en banc).  In order to be reviewable, the error must be an obvious legal error that affects the defendant's substantial rights.  United States v. Calverly, 37 F.3d 160, 164 (5th Cir. 1994) (en banc).

The sentence enhancement was proper not only if Evans possessed a firearm "in connection with another felony offense," but also if he possessed it "with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense."  § 2K2.1(b)(5) (emphasis added).  See United States v. Payton, 198 F.3d 980, 982-83 (7th Cir. 1999); red brief, 19-21.  "Felony offense," as used in § 2K2.1(b)(5), means any federal, state, or local offense "punishable by imprisonment for a term exceeding one year, whether or not a criminal charge was brought, or conviction obtained."  § 2K2.1, comment. (n.7).

There was no burglary of the Sportster that could constitute "another felony offense".  If, as the district court concluded, there were an attempted burglary of the Sportster under Texas law, or if there were a conspiracy to commit a burglary under Texas law, neither the attempt nor the conspiracy would constitute a felony offense under § 2K2.1(b)(5) because those crimes are not punishable by imprisonment for a term exceeding

one year. Tex. Penal Code Ann. §§ 12.21, 12.35, 15.01, 15.02 & 30.02.

The district court thus committed obvious or clear error by basing the adjustment on "burglary or attempted burglary". The error affected Evans's substantial rights because it increased his offense level by four points. However, this obvious error does not entitle Evans automatically to a reversal of his sentence because, once this court determines an unobjected-to error to be obvious, it will correct the error only if it seriously affects the fairness, integrity, or public reputation of the judicial proceeding. Calverly, 37 F.3d at 164.

The record establishes that Evans possessed the firearms "with knowledge, intent, or reason to believe" that they would be possessed in connection with the planned burglary of the Sportster - a Texas-law felony. See Tex. Penal Code §§ 30.02 & 12.35(a). This alternative basis of upholding the four-point increase shows that the plain error does not affect the fairness, integrity, or public reputation of the judicial proceeding. See United States v. Tello, 9 F.3d 1119, 1128 (5th Cir. 1993) (court may affirm on any basis shown in the record).

The judgment of the district court is AFFIRMED.